# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ) <br> ENVIRONMENTAL RESPONSIBILITY, ) <br> 2000 P Street, NW Suite 240 ) <br> Washington, D.C. 20036 ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> FEDERAL EMERGENCY MANAGEMENT ) <br> AGENCY ) <br> 500 C Street, SW ) <br> Washington, D.C. 20472 ) <br> ) <br>     Defendant. ) | Civil Action # <br><br> **COMPLAINT** |

## PRELIMINARY STATEMENTS

1. Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the Department of Homeland Security's Federal Emergency Management Agency ("FEMA" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Defendant's statutory production period expired and it failed to produce any records in response to Plaintiff's FOIA request (Request No. FEMA 2014-FEFO-00532) sent via email on March 11, 2014.

3. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national

1

commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4. Plaintiff PEER is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government.

5. Plaintiff's FOIA request sought records concerning Defendant's administration of Hazard Mitigation Grant Program Energy Allocation Initiative grants for "Superstorm" Sandy to the State of New Jersey. Namely, Plaintiff requested letters, memoranda, emails, and written notes of meetings and of telephone conversations between Defendant and New Jersey officials dating from November 1, 2012 to the date of the request.

6. Defendant's failure to provide any responsive documents is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.

7. Plaintiff constructively exhausted its administrative remedies under FOIA, 5 U.S.C. § 552(a)(6)(C), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in its FOIA requests as well as other appropriate relief.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

11. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

## PARTIES

12. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, Arizona, New Jersey, and Tennessee.

13. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii).  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

14. Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, its web site, www.peer.org, which draws between 1,000 and 10,000 viewers per day, and its newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

15. Defendant, FEMA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

17. In order to be eligible for disaster recovery assistance and mitigation funding, all states must have a FEMA-approved hazard mitigation plan. The State of New Jersey's Hazard Mitigation Plan (HMP) fulfills this requirement. Defendant, FEMA, is responsible for administering Hazard Mitigation Grant Program Energy Allocation Initiative grants for "Superstorm" Sandy ("Sandy recovery grants") to the State of New Jersey. Defendant has yet to allocate grants.

18. Plaintiff sought records that would substantiate or refute New Jersey officials' claims that FEMA delayed awarding Sandy recovery grants through "foot dragging" and bureaucratic hurdles.

19. Specifically, Plaintiff's March 11, 2014, request sought letters, memoranda, emails, and written notes of meetings and of telephone conversations between Defendant and New Jersey officials dating from November 1, 2012 to the date of the request.

20. If left unresolved, the controversy over whether Defendant bears the blame for delays in grant distribution may affect whether storm victims receive the recovery grants they need. The requested information is crucial to the resolution of this controversy, as well as to the public's understanding of the grant distribution process, the honesty of their public officials, and the sufficiency of the government's efforts to mitigate future disaster-related losses.

21. On March 18, 2014, Christopher Hawkins, FEMA's Record Management Division Disclosure Branch Management Analyst, sent Plaintiff an email stating that its FOIA request acknowledgement was attached.

22. In the attached letter, Terry Cochran, FEMA's Record Management Division Disclosure Branch Chief acknowledged receipt of Plaintiff's FOIA request and assigned it request

number FEMA 2014- FEFO-00532. Also, Cochran invoked a 10-day extension of the normal 20-dayresponse period for Plaintiff's request as allowed by Title 5 U.S.C § 552(a)(6)(B).

23. To date, Plaintiff has not received any records responsive to its March 11, 2014, request, and Defendant has not given any indication that production is imminent.

24. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the request.  Over three months have passed since Plaintiff submitted its March 11, 2014 FOIA request to Defendant; the twenty work-day time frame plus the ten-day extension Defendant requested, as allowed by Title 5 U.S.C. § 552(a)(6)(B), for responding to FOIA requests has passed.

25. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

26. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

27. Plaintiff incorporates the allegations in paragraphs 1 through 26.

28. Defendant's failure to disclose the records requested under Request No. FEMA 2014-FEFO-00532 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: June 17, 2014

Respectfully submitted,

 /s/_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility,
200 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337
*Attorney for Plaintiff*