UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 14-1026 CKK |

ANSWER

Defendant Federal Emergency Management Agency ("FEMA" or the "Defendant"), by its attorney, United States Attorney for the District of Columbia, answers the Complaint of Public Employees for Environmental Responsibility, upon information and belief as follows:

FIRST DEFENSE

Plaintiff fails to state a claim for which the Court can grant relief.

SECOND DEFENSE

FEMA has a significant backlog of pending requests, and is exercising due diligence in attempting to eliminate the backlog. Plaintiff's request requires an extensive search of numerous offices, including the FEMA Region II, External Affairs, and Public Assistance offices.

### THIRD DEFENSE

Defendant further responds to the specifically-enumerated paragraphs of the Complaint as follows:

### PRELIMINARY STATEMENTS[1]

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action, which requires no response.

2. With respect to the allegations in Paragraph 2 of the Complaint, FEMA avers that it received Plaintiff's March 11, 2014 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and assigned it Request No. 2014-FEFO-00532. FEMA has not produced documents responsive to the FOIA request. The remainder of this paragraph constitutes conclusions of law, rather than allegations if fact to which a response is required. To the extent that a response may be deemed required, Defendant denies these conclusions.

3. Paragraph 3 of the Complaint contains characterizations of the FOIA, which require no response.

4. Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations in Paragraph 4; accordingly, these allegations are denied.

---

[1] Where Defendant has included the headings provided in the Complaint, it has done so solely for the convenience of the reader; Defendant does not admit in any way that the headings are accurate.

5.   Paragraph 5 of the Complaint contains Plaintiff's characterization of its FOIA request; Defendant denies that Plaintiff's characterization is complete and respectfully refers the Court to the document for a full, fair and accurate account of its contents.

6-7.   Paragraphs 6 and 7 of the Complaint constitute conclusions of law, rather than allegations if fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions.

## JURISDICTION & VENUE

8-11.   Paragraphs 8 through 11 of the Complaint constitute conclusions of law, rather than allegations if fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions.

## PARTIES

12-14.   Paragraphs 12 through 14 of the Complaint constitute Plaintiff's descriptions of its organization and purposes, of which Defendant lacks sufficient information upon which to form a belief as to the truth; accordingly, these allegations are denied.

15-16.   Paragraphs 15 and 16 of the Complaint constitute conclusions of law, rather than allegations if fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions, except to

admit that FEMA is covered by the FOIA.  Defendant further avers that it is not denying Plaintiff access to records in contravention of federal law, that FEMA has a significant backlog of pending requests, is exercising due diligence in attempting to eliminate the backlog, and that Plaintiff's request requires an extensive search of numerous offices, including the FEMA Region II, External Affairs, and Public Assistance offices, a search that remains ongoing.

## FACTS

17.  The first three sentences in Paragraph 17 contain conclusions of law, rather than allegations if fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions.  With respect to the last sentence of Paragraph 17, Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations; accordingly, these allegations are denied.

18.  Paragraph 18 of the Complaint consists of Plaintiff's characterization of motivations for seeking FEMA records.  Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations in Paragraph 18; accordingly, these allegations are denied.

19.  Paragraph 19 of the Complaint contains Plaintiff's characterization of its FOIA request; Defendant denies that

Plaintiff's characterization is complete and respectfully refers the Court to the document for a full, fair and accurate account of its contents.

20. Paragraph 20 of the Complaint consists of Plaintiff's characterization of a purported controversy unrelated to the merits of Plaintiff's cause of action under the FOIA. Defendant denies the accuracy and/or completeness of the characterizations contained in Paragraph 20.

21-22. Admitted.

23. With respect to paragraph 23 of the Complaint, FEMA admits that it has not yet provided Plaintiff any responsive records, but avers that it is not denying Plaintiff access to records in contravention of federal law, that FEMA has a significant backlog of pending requests, is exercising due diligence in attempting to eliminate the backlog, and that Plaintiff's request requires an extensive search of numerous offices, including the FEMA Region II, External Affairs, and Public Assistance offices, a search that remains ongoing.

24. With respect to paragraph 24 of the Complaint, FEMA admits that over three months have passed since Plaintiff submitted its March 11, 2014 FOIA request, and avers that it is not denying Plaintiff access to records in contravention of federal law, that FEMA has a significant backlog of pending requests, is exercising due diligence in attempting to eliminate

the backlog, and that Plaintiff's request requires an extensive search of numerous offices, including the FEMA Region II, External Affairs, and Public Assistance offices, a search that remains ongoing.

    25. Paragraph 25 of the Complaint constitutes conclusions of law, rather than allegations of fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions.

    26. Defendant admits that Plaintiff has initiated this action.  The remainder of Paragraph 26 of the Complaint consists of Plaintiff's characterization of motivations for seeking FEMA records.  Defendant lacks sufficient information upon which to form a belief as to the truth of these motivations; accordingly, such allegations are denied.

## CAUSE OF ACTION

    27. Defendant hereby incorporates the responses to the foregoing paragraph of this answer as if fully set forth herein.

    28. Paragraph 28 of the Complaint constitutes conclusions of law, rather than allegations if fact to which a response is required.  To the extent that a response may be deemed required, Defendant denies these conclusions, and avers that it is not denying Plaintiff access to records in contravention of federal law, that FEMA has a significant backlog of pending requests, is exercising due diligence in attempting to eliminate the backlog,

and that Plaintiff's request requires an extensive search of numerous offices, including the FEMA Region II, External Affairs, and Public Assistance offices, a search that remains ongoing.

The remaining paragraph in the Complaint consists of Plaintiff's prayer for relief, to which no response is required.

FEMA reserves the right to raise additional defenses that become apparent through the factual development of this case.

All allegations not specifically admitted in the Answer are denied.

WHEREFORE, having fully answered, Defendant asks the Court to establish an appropriate schedule to complete processing of Plaintiff's FOIA request, enter judgment for Defendant, dismissing the Complaint with prejudice and awarding

Defendant such other and further relief as the Court deems just, equitable, and proper.

                                      Respectfully submitted,

                                      RONALD C. MACHEN JR., DC Bar #447889
                                      United States Attorney
                                      for the District of Columbia

                                      DANIEL F. VAN HORN, DC Bar #924092
                                      Chief, Civil Division

By: _____/s/
                                      W. MARK NEBEKER, DC Bar #396739
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, DC  20530
                                      (202) 252-2536
                                      mark.nebeker@usdoj.gov

                                      Counsel for the Defendant

Of counsel:

JONATHAN CHASE, ESQ.
Office of Chief Counsel
Federal Emergency Management Agency

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Answer has been made through the Court's electronic transmission facilities on the 15th day of September, 2014.

                                                   /s/
W. MARK NEBEKER, DC Bar#396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536